IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MOHAMMAD KHALIQ KHAN,   Plaintiff, | § § § | |
| v. | § | Civil Action No. 3:15-CV-3254-D |
| CITY OF DALLAS, et al.,   Defendants. | § § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAJISTRATE JUDGE**

Pursuant to the *Order of Reference*, Doc. 12, the Court now considers *Defendants' Motion to Dismiss for Want of Subject-Matter Jurisdiction and Brief in Support*, Doc. 7. For the reasons that follow, the motion should be **GRANTED**.

**I.   BACKGROUND**

Plaintiff is the owner of real property located at 6718 Sawmill Road, Dallas, Texas. Doc. 3 at 2. On July 15, 2015, a code compliance officer issued a citation to Plaintiff for violating a city code provision that requires a property owner to "protect the exterior surfaces of a structure that are subject to decay by application of paint or other coating." Dallas, Tex., Code § 27-11(b)(1); Doc. 8-1 at 5. On September 10, 2015, after a hearing, Plaintiff was found liable by a hearing officer, and assessed a $350.00 penalty and $36.00 fee. Doc. 8-1 at 3. Plaintiff was advised of his right to appeal to the Municipal Court of the City of Dallas, and that any appeal would be governed by the Dallas City Code section 27-16.20. Doc. 8-1 at 3, 8-9.

On October 7, 2015, Plaintiff brought this civil rights action, under 42 U.S.C. § 1983,against the City of Dallas, A C Gonzalez, Aaron Kaufman, Jamilay Way, Richard Dewayne Davis, and Gwendolyn Price. Doc. 3 at 1. Plaintiff alleges, *inter alia*, that (1) he "was never in violation with Dallas City Code Compliance," (2) he was not given adequate notice of the city

code violation before being issued a citation, and (3) the hearing officer was not fair and impartial.  Doc. 3 at 5-7.  He alleges due process violations under the Fifth and Fourteenth Amendments, equal protection violations under the Fourteenth Amendment, unspecified Fourth Amendment violations, and state claims of libel and defamation.  Doc. 3 at 10-13.

In the motion *sub judice*, the City argues that, under the *Rooker-Feldman* doctrine,[1] the Court lacks subject matter jurisdiction over Plaintiff's claims.  Doc. 7.  Plaintiff responds that the *Rooker-Feldman* doctrine is not applicable because he is not required to exhaust all administrative or judicial remedies to bring an action under 42 U.S.C. § 1983.  Doc. 13 at 12-13.

## II.   APPLICABLE LAW

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims."  *Stockman v. Fed. Election Comm'n,* 138 F.3d 144, 151 (5th Cir. 1998).  The Court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001).  "The Court must dismiss a complaint for lack of subject matter jurisdiction "'when the court lacks the statutory or constitutional power to adjudicate the case.'"  *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182, 1187 (2d Cir. 1996)).

Under the *Rooker-Feldman* doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates his federal

---

[1]  This doctrine takes its name from two Supreme Court decisions: *District of Columbia, Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

2

rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). "[F]ederal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (citation omitted). Instead, errors in state cases should be reviewed and settled through the state appellate process. *Rooker*, 263 U.S. at 415.

The Fifth Circuit Court of Appeals has extended the *Rooker-Feldman* doctrine "to deprive the federal district courts of jurisdiction over the claims of individuals who are aggrieved by the judicial acts of state agencies controlled by state courts and who deliberately bypass available channels of state court review." *Scott v. Flowers,* 910 F.2d 201, 206 (5th Cir. 1990)).

### III.   ANALISIS

#### *a. The Rooker-Feldman Doctrine Bars Plaintiff's Federal Claims*

Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. First, the hearing officer's finding that Plaintiff was liable for a city code violation was a judicial act. *See Scott*, 910 F.2d at 207 (citing *Feldman*, 460 U.S. at 479) (a judicial act is one "in which the court was called upon to investigate, declare, and enforce liabilities as they [stood] on present or past facts and under laws supposed already to exist") (quoted case omitted). In the instant case, after Plaintiff was issued a civil citation, the hearing officer held a hearing on the citation, found Plaintiff liable, and assessed a $386.00 penalty and fee. Doc. 8-1 at 2-3. Additionally, the hearing officer is appointed and employed by the administrative judge of the municipal court to adjudicate violations under the Dallas City Code. Doc. 16-1.

Second, Plaintiff intentionally bypassed the channels for state court review when, although informed of his right to appeal the decision of the hearing officer to the municipal court, he filed this federal lawsuit instead. Doc. 8-1 at 3. *Cf. Scott,* 910 F.2d at 208 (holding that

3

the plaintiff did not bypass state court review when appeals of the Commission's reprimands were not available).

Furthermore, Plaintiff has not presented a federal constitutional claim for adjudication. Rather, when "stripped to essentials," Plaintiff's federal claims are merely "an attack on the judgment of the state" in the code violation action before the city hearing officer.  Such attempt is an impermissible collateral attack of a state judicial decision under *Rooker-Feldman*.

Finally, Plaintiff mistakenly relies on the United States Supreme Court's holding in *Patsy v. Board of Regents*, 457 U.S. 496, 515 (1982) -- that exhaustion of state administrative or judicial remedies is not a prerequisite to a section 1983 action -- to support his argument that *Rooker-Feldman* does not bar his section 1983 claims, Doc. 13 at 13.  The *Patsy* case is easily distinguished.  The plaintiff in *Patsy* asserted claims of employment discrimination based on race and gender, *Patsy*, 457 U.S. at 498, that did not suggest the invalidity of a previous state administrative or judicial holding, as do Plaintiff's claims in the instant case.

Accordingly, Plaintiff's federal claims should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

### b. The Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims

Federal courts may, under limited circumstances, exercise jurisdiction over state law claims

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).  However, a district court may also decline to exercise supplemental jurisdiction if the court has dismissed all claims over which it had original jurisdiction.  28

4

U.S.C. § 1367(c)(3).  Indeed, "[w]hen a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims." *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999) (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989)).

In determining whether to retain supplemental jurisdiction over a remaining state court claim, a federal court considers both statutory and common law factors. *Enochs v. Lampasas County*, 641 F.3d 155, 159 (5th Cir. 2011).  The applicable statutory factors are whether: (1) the state claims raise novel or complex issues of state law; (2) the state claims substantially predominate over the federal claims; (3) the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for the Court to decline to exercise jurisdiction. *Id.*  The related common law factors are: (1) judicial economy; (2) convenience; (3) fairness; and (4) comity. *Id.*  Here, the balance of the statutory and common law factors weighs in favor of the Court declining to retain jurisdiction over Plaintiff's remaining state law claims.  This case is still in its relative infancy -- no discovery has occurred and the Court has not expended any time on a determination of the merits.  Moreover, if this recommendation is accepted, no claims will remain over which this Court has original jurisdiction.

Accordingly, Plaintiff's state law claims should be **DISMISSED WITHOUT PREJUDICE**.

### IV.   LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal.  *See Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir.2009) (while generally, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed," leave to amend is not required where plaintiff "has already pleaded his 'best case.' ").  Here, however,

the Court lacks subject matter jurisdiction over Plaintiff's claims. Thus, granting leave to amend would be futile and cause needless delay. See *Rodriguez-Guaiquirian v. U.S.*, No. 3:15-CV-0257-B-BK, 2015 WL 3407212, at *2 (N.D. Tex. Mar. 27, 2015) (Boyle, J.) (accepting the magistrate judge's recommendation to forego granting leave to amend where the court lacked subject matter jurisdiction over plaintiff's claim).

## V. CONCLUSION

For the foregoing reasons, *Defendants' Motion to Dismiss for Want of Subject-Matter Jurisdiction and Brief in Support*, Doc. 7, should be **GRANTED,** and Plaintiff's claims should be dismissed **WITHOUT PREJUDICE**.

**SIGNED** on March 18, 2016.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE