IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MOHAMMAD K. KHAN, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:15-CV-3254-D |
| VS. § | |
| § | |
| CITY OF DALLAS, et al., § | |
| § | |
| Defendants. § | |

**ORDER OF RE-REFERENCE**

After making an independent review of the pleadings, files, and records in this case, the March 18, 2016 findings, conclusions, and recommendation of the magistrate judge, and plaintiff's March 29, 2016 objections, the court concludes that the findings and conclusions are correct in part and are therefore adopted in part.

The Supreme Court has explained that the *Rooker-Feldman* doctrine "is a narrow one and 'is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). "The Supreme Court has cautioned that in light of the 'narrow ground' *Rooker-Feldman* occupies, it does not prohibit a plaintiff from 'present[ing] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party.'" *Id.* (quoting *Exxon Mobil Corp.*, 544 U.S. at 284, 293). Without suggesting that plaintiff Mohammad K. Khan's ("Khan's") claims have merit (or are clearly pleaded), the court cannot say that they are all barred under *Rooker-Feldman*. For example, in his *pro se* complaint, Khan appears to allege that his Fourth

Amendment rights were violated when the compliance officer defendant visited his property and issued a citation.  This alleged injury does not appear to be caused by any state court judgment.  *See, e.g., Campbell v. City of Spencer*, 682 F.3d 1278, 1285 (10th Cir. 2012) (explaining that plaintiff filed case in federal district court after state court found mistreatment of plaintiff's horses and ordered forfeiture of horses, but holding that plaintiff's Fourth Amendment claims—that municipal officers improperly searched her property and seized her horses—were not barred by *Rooker-Feldman* because "[s]he could raise the same claims even if there had been no state-court proceedings"); *cf. Mosley v. Bowie Cnty.*, 275 Fed. Appx. 327, 328-29 (5th Cir. 2008) (per curiam) (explaining that plaintiffs' complaint filed in federal district court alleged constitutional violations related to state court judgment that ordered payment of child support, and holding that *Rooker-Feldman* did not bar claim that state government defendants violated plaintiffs' constitutional rights in course of enforcing the order because "such claims do not ask the district court to review, modify, or nullify a final order of a state court") (citation and internal quotation omitted).

Accordingly, the court re-refers defendants' October 29, 2015 motion to dismiss for want of subject-matter jurisdiction to the magistrate judge for further proceedings.

**SO ORDERED**.

July 14, 2016.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE