IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MOHAMMAD K. KHAN. | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:15-CV-3254-D-BK |
| | § | |
| CITY OF DALLAS, et al., | § | |
|     Defendants. | § | |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to District Judge Fitzwater's *Order of Reference*, Doc. 41, and *Order of Re-reference*, Doc. 49, the *Motion of Defendants the City of Dallas, A.C. Gonzalez, Aaron Kaufman, Jamila Way, Richard Dewayne Davis, and Gwendolyn Price to Dismiss Amended Complaint for Injunction and Declaratory Relief*,[1] Doc. 26, and *Defendant Rochelle Combest's Motion to Dismiss Pursuant to the Texas Citizens Participation Act and Rule 12(b)(6)*, Doc. 39, are before the United States magistrate judge for findings of fact and recommended dispositions. For the reasons stated herein, it is recommended that the City Defendants' motion to dismiss be **GRANTED**, all of Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE**, and Defendant Combest's motion to dismiss be **DENIED AS MOOT**.

**I. BACKGROUND**

*Pro se* plaintiff Mohammad K. Khan's civil rights and libel/defamation claims arise from the assessment against him of a civil penalty for violating Dallas City Code

---

[1] Defendants the City of Dallas, A.C. Gonzalez, Aaron Kaufman, Jamila Way, Richard Dewayne Davis, and Gwendolyn Price are referred to collectively as "The City Defendants."

section 27-11(b)(1) ("the Ordinance"). Plaintiff is the owner of real property located at 6718 Sawmill Road, Dallas, Texas ("the Property"). Doc. 30 at 1. On June 4, 2015, City of Dallas Code Compliance Officer, Defendant Gwendolyn Price, was dispatched to the Property after Plaintiff's disgruntled neighbor, Defendant Rochelle Combest, "anonymously filed a false complaint with the City of Dallas" concerning renovations Plaintiff was making to his *porte-cochère*. Doc. 25 at 4; Doc. 25 at 6. After inspecting the structure, Defendant Price found Plaintiff in violation of the Ordinance, issued him a Notice of Violation ("the Notice") for "exposed wood on carport," and directed him to "complete unfinished construction" in 30 days or be fined. Doc. 25 at 5. The Ordinance directs homeowners to "protect the exterior surfaces of a structure that are subject to decay by application of paint or other coating." Doc. 8-1 at 5. Plaintiff objected to the Notice, arguing, *inter alia*, that the clear protective coating he had applied to the exposed surface satisfied the "other coating" requirement.[2] Doc. 25 at 6-7. When Defendant Price returned to the Property in July 2015, she found that Plaintiff had failed to correct the problems identified in the Notice, cited Plaintiff for a violation of the Ordinance ("the Citation"), and assessed a penalty and fee totaling $386.00 Doc. 8-1 at 2; Doc. 25 at 8.

Plaintiff was "forced to attend" a preliminary hearing on August 17, 2015, where he "pointed out all of the errors in both the Notice of Violation including the Citation and requested that the case should be dismissed because of the critical errors." Doc. 25 at 8. The attorney for the City disagreed and a hearing was scheduled for September 2015, at

---

[2] Plaintiff also alleges several errors in the Notice, including the property description and census track. Doc. 25 at 7. Additionally, Plaintiff contends that the "carport" referred to in the Notice is non-existent as the structure in question is a *porte-cochère*. Doc. 25 at 7.

which the City's attorney assured Plaintiff that Defendant Price would be present and available for cross examination. Doc. 25 at 8. However, at the September 10, 2015 hearing, the City called no witnesses and offered no other evidence, and because Defendant Price was not present, Plaintiff could not question her. Doc. 25 at 9. Nonetheless, the hearing officer ruled in favor of the City, which Plaintiff surmises is because "Plaintiff is or appears to be a Muslim." Doc. 25 at 9. After the hearing, Plaintiff was found liable by the hearing officer, Defendant Aaron Kaufman, and ordered to pay the penalty and fee. Doc. 8-1 at 3. Additionally, the Order notified Plaintiff of his right to appeal to the Municipal Court for the City of Dallas within 31 days, that if he failed to timely appeal, the ruling of the hearing officer would become final, and that any appeal to the Municipal Court would be governed by Dallas City Code section 27-16.20. Doc. 8-1 at 3.

Rather than appealing the decision of the administrative hearing officer, in October 2015, Plaintiff brought this civil rights action under 42 U.S.C. § 1983 against the City of Dallas, Defendants Price and Kaufman, then-City Manager A.C. Gonzales, Assistant City Attorney Jamila Way, and Code Compliance Manager Richard Dewayne Davis, charging them with violating his Fourth, Fifth and Fourteenth Amendment rights under the United States Constitution. Doc. 3 at 1-12. Plaintiff also brought a state law libel/defamation claim against the aforementioned Defendants and his neighbor, Rochelle Combest. Doc. 3 at 12-13; Doc. 25 at 4.

On September 21, 2016, Plaintiff filed his 16-page *Amended Complaint for Injunction and Declaratory Relief*, Doc. 25. In response to Plaintiff's amended complaint, on September 21, 2016, the City Defendants filed the instant motion to

dismiss, seeking dismissal (1) under Rule 12(b)(1), on the basis that Plaintiff's claims are barred by the *Rooker–Feldman* doctrine, [3] and, alternatively under Rule 12(b)(6), arguing that Plaintiff's claims are barred by the doctrines of *res judicata* and collateral estoppel and that Plaintiff has failed to state a plausible claim for relief. Doc. 26 at *passim*. Plaintiff filed a response, Doc. 30.

In the Previous Recommendation, the Court found and concluded, *inter alia*:

- Plaintiff's First, Second, and Third Claims for Relief are inexplicably intertwined with, and invite reconsideration of, the state court judgment that found Plaintiff violated the Ordinance, and, thus, should be dismissed without prejudice pursuant to the *Rooker-Feldman* doctrine. Doc. 47 at 7-10.

- All claims not already barred by *Rooker-Feldman* that were asserted against Defendants Gonzales, Way, and Davis should be dismissed because Plaintiff failed to sufficiently allege that either Defendant took any action that raises an inference of non-vicarious liability. *See* Doc. 47 at 12.

- Plaintiff's equal protection claim against Defendants Price and the City of Dallas should be dismissed, to the extent it is not already barred by *Rooker-Feldman*, for failure to allege Plaintiff's membership in a protected class or that Plaintiff was treated differently than any similarly situated individuals. *See* Doc. 47 at 12-13.

- Plaintiff's facial challenge to the Ordinance be dismissed on the grounds that the Ordinance reached no constitutionally protected conduct. *See* Doc. 47 at 14-15.

- Because Plaintiff's federal claims fail, the Court should decline to exercise pendant jurisdiction over his remaining state law claim (including that alleged against Defendant Combest) and it should be dismissed without prejudice. *See* Doc. 47 at 16.

---

[3] This doctrine takes its name from two Supreme Court decisions: *District of Columbia, Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

In *Plaintiff's Answer to Findings, Conclusions, and Recommendations of the United States Magistrate Judge* ("Objections"), Doc. 48, filed March 22, 2017, he objects to the recommendation that his federal claims be dismissed. After again reviewing the relevant pleadings and applicable law, and after considering Plaintiff's Objections to the Previous Recommendation and his clarifications of his claims, the Court continues to recommend that Plaintiff's federal claims be dismissed and that the exercise of pendant jurisdiction over his remaining state law claim be denied.

## II. ANALYSIS

### A. Applicable Law

Under Rule 12(b)(1), a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks statutory or constitutional authority to adjudicate the claim. *Home Builders Ass'n of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, courts should consider the "jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). The reason the Court must first address subject-matter jurisdiction is that, without it, the case can proceed no further. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *Ramming*, 281 F.3d at 161.

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, the court accepts "all well-pleaded facts as true, viewing them in the light

5

most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). However, the court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (internal citation and quotation marks omitted). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations and footnote omitted).

### B. Plaintiff's Claims

In his *Amended Complaint*, Plaintiff argues in his First Claim for Relief that the Ordinance, "both on its face and as applied, violate[s] [his] rights to Probable Cause, as guaranteed by the Fourth Amendment of the United States Constitution." Doc. 25 at 11. He argues in his Second Claim for Relief that his due process rights under the Fifth and Fourteenth Amendments were violated because (1) the Ordinance is overbroad and vague; (2) the Citation had errors that "should have caused [it] to be dismissed;" and (3) he was denied adequate process at the hearing. Doc. 25 at 12-13. In his Third Claim for Relief, he asserts that his right to equal protection under the Fourteenth Amendment was violated by the Ordinance and by Defendant Price's unauthorized inspection of the structure, noting that she "should have waited until the repairs were complete before doing an inspection." Doc. 25 at 13-14. Last, Plaintiff asserts a state law libel/defamation claim against the City Defendants and his neighbor, Defendant Combest. Doc. 25 at 14.

6

In his Objection, however, Plaintiff withdraws his claims to the extent they are premised on the wording and reach of the Ordinance itself, *see* Doc. 48 at 8 ("Plaintiff never meant to challenge that the Ordinance, both facially and applied to him, is overbroad and vague."), or the impartiality of the municipal hearing, *see* Doc. 48 at 8 (stating that "[Plaintiff] [does not] wish to pursue this claim any longer").[4]  Additionally, Plaintiff clarifies his allegations and distills his *Amended Complaint* down to "three important claims:"

> **Claim I**: Plaintiff never violated the Ordinance and thus the City "had no valid reason to issue the Citation;"
>
> **Claim II**: Plaintiff's "due process" rights were violated because the Notice of Violation and Citation contained errors that prevented him from determining – "at first" – if his property was the one being cited; and
>
> **Claim III**: Plaintiff's equal protection rights were violated because he "was not treated the same as the class of people with a building permit that also had an approved set of drawings from the City."

Doc. 48 at 5-6.  Claims I and II, Plaintiff argues, are not barred by the *Rooker-Feldman* doctrine because they "occurred outside of and before the hearing" and "have nothing to do with the hearing."  Doc. 48 at 4, 6.  Plaintiff further argues that he has stated an equal protection claim, and he objects to the dismissal of his "Vicarious Supervisory Liability Claims" against Defendants Gonzales, Way, and Davis.  Doc. 48 at 10-11.

The Court, thus, addresses Plaintiff's "three important claims," as clarified by his Objections.

---

[4] To the extent Plaintiff has asserted any claim in his Amended Complaint against Defendant Kaufman, the officer presiding over the municipal hearing, it wholly arises from his contention that the hearing was not impartial.  *See* Doc. 25 at 10-11, 13.  Thus, by abandoning all claims relating to the impartiality of the hearing, Plaintiff effectively abandons all claims against Defendant Kaufman.

*1. Claims I and II*

The Court stands by its previous conclusion that Plaintiff's Claims I and II are barred by the *Rooker-Feldman* doctrine, especially in the face of Plaintiff's clarifications that (1) "he has no argument with the Ordinance"; (2) he "has no issue with legal enforcement of the [O]rdinance"; and (3) no longer "wish[es] to pursue" any claim that the municipal hearing was not fair and impartial. *See* Doc. 47 at 7-10; Doc. 48 at 5, 8. That notwithstanding, Plaintiff's claims (as he now defines them) are also subject to dismissal under the doctrine of collateral estoppel, as the City Defendants alternatively argue. *See* Doc. 26 at 20.

The City Defendants assert collateral estoppel based on the prior municipal judgment. *See In re Miller*, 156 F.3d 598, 601 (5th Cir. 1998). Succinctly stated, the doctrine of collateral estoppel "bars relitigation of any ultimate issue of fact actually litigated and essential to the judgment in a prior suit, regardless of whether the second suit is based upon the same cause of action." *Daniels v. Equitable Life Assurance Soc'y of U.S.*, 35 F.3d 210, 213-14 (5th Cir. 1994) (per curiam) (quoting *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex. 1984)). An issue is "actually litigated" if it is "properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined." *Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 384 (Tex. 1985) (internal quotation marks and citation omitted). Thus, a party asserting collateral estoppel must establish that (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the party against whom the doctrine is asserted was a party or in privity with a party in the first action. *State Farm Fire & Cas. Co. v.*

8

*Fullerton*, 118 F.3d 374, 377 (5th Cir. 1997) (citing *Sysco Food Servs., Inc. v. Trapnell*, 809 S.W.2d 796, 801 (Tex. 1994)). Here, each factor has been established.

First, the ultimate issues of fact underlying Claims I and II are the same as those already litigated and determined in the municipal hearing. *See* Doc. 8-1 at 1-3; *Van Dyke*, 697 S.W.2d at 384. As Plaintiff's Objections make clear, Claim I is premised on the allegation that Plaintiff never violated the Ordinance, and Claim II is premised on the alleged inadequacy of the Citation – these ultimate issues of fact were decided at the municipal hearing. *Fullerton*, 118 F.3d at 377. The Hearing Officer concluded that Plaintiff violated the Ordinance, and implicit in that determination was his finding that the Citation (the de facto charging instrument) was both appropriate and adequate. Doc. 8-1 at 3. Indeed, Plaintiff even acknowledges the interconnectedness of these inquiries in his *Amended Complaint*. *See* Doc. 25 at 12 ("Errors in the Citation should have caused the Citation to be dismissed [at the hearing] as they failed to accurately describe the Plaintiff's violations or the Plaintiff's residence where the so called violations occurred.").

Second, the Hearing Officer's determinations that Plaintiff violated the Ordinance and that the Citation was properly issued were clearly essential to his ruling against Plaintiff. *Fullerton*, 118 F.3d at 377. Lastly, Plaintiff, the party against whom collateral estoppel is being asserted, was a party in the municipal action. *Id.* Because the Hearing Officer's finding that Plaintiff violated the Ordinance necessarily required a determination of the issues underlying Claims I and II—that the violation occurred and

Notice of Violation and Citation were proper[5]—Plaintiff is collaterally estopped from relitigating them in this civil rights action. *Daniels*, 35 F.3d at 213-14.

### 2. *Claim III*

Despite Plaintiff's Objections (clarifications), he still fails to state a claim under the Equal Protection Clause of the Fourteenth Amendment, which mandates that persons similarly situated be treated the same under the law. *Plyler v. Doe*, 457 U.S. 202, 216 (1982). To state an equal protection claim, a section 1983 plaintiff must allege either (1) "a state actor intentionally discriminated against the plaintiff because of membership in a protected class[,]" *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999) (internal quotation marks and citation omitted), or (2) the plaintiff has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment[,]" *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (characterizing such claims as a "class of one" equal protection claim).

As outlined in the Previous Recommendation, Plaintiff fails to allege in his *Amended Complaint* his membership in a protected class. *See* Doc. 25 at 13-14; Doc. 47 at 12-13. In his Objections, Plaintiff identifies the applicable class as "people using approved drawings to make changes or repairs to their structure." Doc. 48 at 11. However, Plaintiff fails to offer, and the Court is unable to find, any authority to support his contention that such individuals constitute a protected class in the context of enforcing the Equal Protection Clause. *Cf. Cleburne v. Cleburne Living Center*, 473 U.S.

---

[5] Given the facts as outlined by Plaintiff in all of his pleadings, his recent argument that errors in the Notice of Violation and Citation prevented him from determining – "at first" – if his property was the one being cited is plainly implausible.

432, 446 (1985) (holding handicapped persons are not a protected class for purposes of equal protection under the Fourteenth Amendment). Even if Plaintiff's defined class could be considered a protected class, Plaintiff does not allege that he was discriminated against *because of* his membership in that class. See *Johnson v. Rodriguez*, 110 F.3d 299, 306-07 (5th Cir. 1997) ("Discriminatory purpose in an equal protection context implies that the decisionmaker selected a particular course of action at least in part because of, and not simply in spite of, the adverse impact it would have on an identifiable group.") (internal quotation marks and citation omitted).

Furthermore, to the extent he attempts to do so, Plaintiff has failed to state a "class of one" equal protection claim as he has pleaded no facts showing that he was treated differently than similarly situated individuals. *Olech*, 528 U.S. at 564. While Plaintiff states in his Objections that Defendant Price "did not treat [him] the same as other people making changes or repairs to their structure with approved drawings[,]" Doc. 48 at 11, such allegations, even if actually alleged in his *Amended Complaint*, are too vague and conclusory to survive a motion to dismiss. See *Williams v. Curtis*, No. 16-CV-151-D, 2017 WL 979053, at *4 (N.D. Tex. Jan. 18, 2017) (Ramirez, J.) ("Conclusory allegations of 'class of one' discrimination fail to state a claim.") (citing *Bell v. Woods*, 382 F. App'x 391, 393 (5th Cir. 2010) (per curiam)), *adopted by* 2017 WL 976948 (N.D. Tex. Mar. 13, 2017) (Fitzwater, J.); *see also Pedraza v. Meyer*, 919 F.2d 317, 318 n.1 (5th Cir. 1990) (per curiam) (holding that vague and conclusory allegations that one's equal protection rights have been violated are insufficient to raise an equal protection

11

claim). For instance, Plaintiff fails to identify any similarly situated individuals,[6] or allege that the City Defendants "deliberately sought to deprive him of the equal protection of the laws for reasons of a personal nature unrelated to their duties." *Williams*, 2017 WL 979053, at *4; *Olech*, 528 U.S. at 564. Accordingly, Plaintiff's claim under the Equal Protection Clause should be dismissed for failure to state a claim.

### 3. Vicarious and Supervisory Liability Claims

Despite Plaintiff's Objections (clarifications), he still fails to state a claim against Defendants Gonzales, Way, and Davis. It is firmly established that "[p]ersonal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381 (5th Cir. 1983) (citation omitted). As stated in the Previous Recommendation, Plaintiff's *Amended Complaint* is virtually devoid of any substantive discussion of Defendants Gonzales, Way, and Davis, and thus "lacks 'factual content that allows the court to draw the reasonable inference that [they are] liable for the misconduct alleged.'" Doc. 47 at 12 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted)). Plaintiff's Objections again fail to identify (or clarify) any actions taken by Defendants Gonzales, Way, and Davis stating only that they "could be" directly involved

---

[6] *See Bonner v. Alford*, 594 F. App'x 266, 267 (5th Cir. 2015) (per curiam) (finding plaintiff "failed to state a 'class of one' equal protection claim because his allegations did not identify any similarly situated prisoners"); *Robinson v. Ely*, 547 F. App'x 628, 629 (5th Cir. 2013) (per curiam) (same); *Ramirez v. Rendon*, No. B-14-179, 2015 WL 10437815, at *8 (S.D. Tex. Dec. 7, 2015) (finding plaintiff's failure to "list *any* other person who occupied a position comparable to [his] or that such a person was treated differently from [him]" mandated dismissal of his class of one equal protection claim) (emphasis in original); *S.N.B. v. Pearland Indep. Sch. Dist.*, No. 13-CV-441, 2014 WL 2207864, at *10 (S.D. Tex. May 28, 2014) ("[Plaintiff's] claim that Defendants violated equal protection principles by treating other [similarly situated students] differently . . . raises a basic question: What other students?").

in his claims. Doc. 48 at 10. Such speculative allegations are insufficient to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 679 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'") (quoting FED. R. CIV. P. 8(a)(2)). Accordingly, Plaintiff's claims against Defendants Gonzales, Way, and Davis should be dismissed for failure to state a claim.

### 4. State Law Claim

Despite Plaintiff's Objections/clarifications, for the reasons stated herein, his federal claims are nonetheless subject to dismissal. While the Court could decide to exercise supplemental jurisdiction over his sole remaining state law claim of libel/defamation, *see* 28 U.S.C. § 1367, the balance of statutory and common law factors – as discussed in the previous Recommendation – weighs against doing so. *See* Doc. 47 at 15-16. Accordingly, Plaintiff's libel/defamation claim should be dismissed without prejudice.

## III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal, unless it is clear that the plaintiff has pleaded his "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (per curiam). Plaintiff has already amended his complaint. *See* Doc. 25. Additionally, the Defendants' multiple motions to dismiss, which have been referred and re-referred to the undersigned, have afforded Plaintiff ample opportunity to clarify and explain his claims. Yet, for the reasons stated in the Previous Recommendations, *see* Doc. 19; Doc. 47, as well as in this Recommendation, Plaintiff still fails to state a claim upon which relief can be granted. In his Objections,

13

Plaintiff has clarified his claims and the factual basis undergirding them. It is therefore apparent that Plaintiff has pleaded his best case, and that an additional grant of leave to amend would be futile and cause needless delay. *See Stripling v. Jordan Prod. Co., L.L.C.*, 234 F.3d 863, 872-73 (5th Cir. 2000) ("It is within the district court's discretion to deny a motion to amend if it is futile.") (citations omitted).

## IV. CONCLUSION

In light of the foregoing, it is recommended that the City Defendants' and Defendant Combest's motions to dismiss, Doc. 26; Doc. 39, be **GRANTED**. Plaintiff's federal claims against the City Defendants should be **DISMISSED WITH PREJUDICE**, and Plaintiff's state law claim against all Defendants should be **DISMISSED WITHOUT PREJUDICE**.

**SO RECOMMENDED** on September 5, 2017.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE